CR 11 482

NBB:CAO
F.#2010R01237

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

JUN 29 2011

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

RICK ABRAHAM COHEN and
FRANCES OBEDA,
    also known as
    "Linda Obeda,"

               Defendants.

- - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§
981(a)(1)(C), 1341, 1343,
1344, 1349, 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

SEYBERT, J
LINDSAY, M

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendants and Their Companies

      1.   The defendant RICK ABRAHAM COHEN was the owner and president of North Shore Motor Group, Inc. ("North Shore"), North Shore Motor Group LLC ("NSMG") and CDMS, Inc. ("CDMS").

      2.   The defendant FRANCES OBEDA, also known as "Linda Obeda," was an associate of RICK ABRAHAM COHEN who prepared and mailed fraudulent and false documents at his direction.

      3.   North Shore was a New York corporation that maintained its place of business at 175 East Shore Road in Great Neck, New York. NSMG was a related New York limited liability corporation that also maintained a place of business at 175 East

Shore Road in Great Neck, New York. CDMS, Inc. ("CDMS") was a New York corporation that maintained its principal place of business at 565 Plandome Road in Manhasset, New York. North Shore and NSMG were in the business of locating and purchasing high-end motor vehicles on behalf of their customers and delivering those vehicles to those customers. CDMS provided cleaning services to homes and businesses but also participated in the business of locating and obtaining high-end motor vehicles on behalf of North Shore's and NSMG's customers (collectively, "North Shore customers").

    4. Chase Auto Finance was a Delaware corporation with offices located in Fort Worth, Texas. Mercedes-Benz Financial Services USA, LLC was a foreign limited liability corporation with offices located in Farmington Hills, Michigan. Porsche Financial Services, Inc. was an Illinois corporation with offices located in Lisle, Illinois (collectively, the "financial institutions"). The financial institutions loaned funds to North Shore, NSMG, CDMS and North Shore customers for the purchase of motor vehicles. The financial institutions are all insured depository institutions, as defined in section 3(c)(2) of the Federal Deposit Insurance Act, or otherwise qualify as financial institutions as defined by Title 18, United States Code, Section 20.

II. <u>The Trade-In Scheme</u>

5. In "trade-in" sales, the customer agreed to sell a vehicle that the customer owned to a motor vehicle dealer in order to deduct the "trade-in value" of that first vehicle from the purchase price of a second vehicle. The "trade-in value" constituted the amount that a motor vehicle dealer offered as consideration for the first vehicle less any outstanding loan amount owed to a financial institution, if any, on the first vehicle. Any loan amount owed on the vehicle would be a lien against that vehicle until paid in full. A lien is a legal claim against an asset which is used to secure a loan and which must be paid when the property is sold. In a legitimate "trade-in" sale, the outstanding loan balance was paid off in full by the motor vehicle dealer at or near the time of the "trade-in" sale.

6. On or about and between January 1, 2007 and December 17, 2010, the defendants RICK ABRAHAM COHEN and FRANCES OBEDA knowingly and intentionally devised and executed a scheme to fraudulently obtain money and property from North Shore customers and the financial institutions which loaned those customers money for the purchase of vehicles. It was part of the scheme that COHEN falsely represented to North Shore customers who sought to trade in their vehicles for a new vehicle that he would satisfy all outstanding loans owed on trade-in vehicles as part of their trade-in purchase. In reality, COHEN did not satisfy the outstanding loans and later sold the encumbered

vehicles to unsuspecting third parties. It was also a part of the scheme that COHEN kept proceeds of the trade-in transactions for his own purposes, rather than to satisfy all outstanding loans, as promised.

7. In furtherance of the scheme, the defendants RICK ABRAHAM COHEN and FRANCES OBEDA mailed false and fraudulent documents, including lien release forms, to the New York State Department of Motor Vehicles ("DMV") falsely stating that the trade-in vehicles were free from the financial institutions' liens and encumbrances. In reality, Cohen had never satisfied the outstanding loans on the trade-in vehicles, and the financial institutions had not authorized the issuance of lien releases.

8. In addition to submitting false and fraudulent lien release forms to the DMV for hundreds of trade-in vehicles, the defendants RICK ABRAHAM COHEN and FRANCES OBEDA submitted forms to the DMV that changed the DMV's mailing addresses for the North Shore customers to 175 East Shore Road, Great Neck, New York, the North Shore business address. This change enabled COHEN to intercept the financial institutions' mailed inquiries and notices regarding the outstanding loans.

III. The Loan Scheme

9. On or about and between January 1, 2007 and December 17, 2010, the defendant RICK ABRAHAM COHEN knowingly and intentionally devised and executed a fraud scheme that targeted purchasers of high-end vehicles such as Mercedes Benzes, Jaguars,

4

Audis, Porsches, Range Rovers, Lexuses, BMWs, Maseratis, Aston Martins, Lotuses, Cadillacs and Bentleys. The North Shore customers were prepared to pay cash for their vehicles at the time of purchase. COHEN fraudulently convinced these North Shore customers that they would gain a discount by making their purchases more complex. It was a part of the scheme that COHEN defrauded North Shore customers and the financial institutions, which loaned those customers money for the purchase of vehicles, by fraudulently convincing customers to sign what they believed to be special, short-term loan applications that would be satisfied immediately at the time of the vehicle purchase. In fact, unbeknownst to them, the customers actually signed full-term loan applications that would not be satisfied at the time that they purchased the vehicle. COHEN thereafter transmitted and caused to be transmitted the fraudulently obtained loan applications through electronic means, including facsimile and email, across state lines. COHEN kept the proceeds from these vehicle loans for his own purposes. COHEN allowed the loans to go into default and never told the North Shore customers that he had not paid off their vehicle loans or that he had used proceeds from the loans for his own purposes.

## COUNT ONE
(Conspiracy to Commit Mail, Bank and Wire Fraud)

10. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. On or about and between January 1, 2007 and December 17, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RICK ABRAHAM COHEN and FRANCES OBEDA, also known as "Linda Obeda," together with others, did knowingly and intentionally conspire (1) to devise a scheme and artifice to defraud the North Shore customers and the financial institutions to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to (a) place and cause to be placed in post offices and authorized depositories for mail matter, matter and things to be sent and delivered by the United States Postal Service, and deposit matter and things to be sent and delivered by private and commercial interstate carriers, contrary to Title 18, United States Code, Section 1341, and (b) transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343, and (2) execute a scheme and artifice to defraud the financial institutions, and to obtain

6

moneys, funds, credits and other property owned by, and under the custody and control of, the financial institutions, by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO AND THREE
(Mail Fraud)

12. The allegations contained in paragraphs one through nine are realleged and incorporated as though fully set forth in this paragraph.

13. On or about and between January 1, 2007 and December 17, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RICK ABRAHAM COHEN and FRANCES OBEDA, also known as "Linda Obeda," together with others, did knowingly and intentionally devise a scheme and artifice to defraud the North Shore customers and the financial institutions, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice and attempting to do so, did place and cause to be placed in one or more post offices and authorized depositories for mail matter, matter and things to be delivered by the United States Postal Service, as identified below:

| Count | Approximate Date | Description of Mailing | Customer | Vehicle Type |
|---|---|---|---|---|
| TWO | November 1, 2008 | DMV Lien Release Form | Jane Doe # 1, whose identity is known to the Grand Jury | BMW 328xi |
| THREE | November 6, 2008 | DMV Lien Release Form | John Doe # 1, whose identity is known to the Grand Jury | 2008 Jaguar XKR |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNTS FOUR THROUGH EIGHT
(Wire Fraud)

14. The allegations contained in paragraphs one through nine are realleged and incorporated as though fully set forth in this paragraph.

15. On or about and between September 30, 2008 and November 1, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICK ABRAHAM COHEN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, as identified below:

8

| Count | Approximate Date | Description of Wire | Customer | Vehicle Type |
|---|---|---|---|---|
| FOUR | September 30, 2008 | Faxed Loan Application | John Doe # 2, whose identity is known to the Grand Jury | 2008 Mercedes Benz ML550 |
| FIVE | October 8, 2008 | Faxed Loan Application | John Doe # 3, whose identity is known to the Grand Jury | 2009 Mercedes Benz CL550C4 |
| SIX | October 30, 2008 | Faxed Loan Application | John Doe # 4, whose identity is known to the Grand Jury | 2009 Porsche Cayenne GTS |
| SEVEN | September 8, 2009 | Faxed Loan Application | John Doe # 4, whose identity is known to the Grand Jury | 2009 Mercedes Benz ML63 |
| EIGHT | November 1, 2009 | Faxed Loan Application | John Doe # 5, whose identity is known to the Grand Jury | 2010 Mercedes Benz GL450 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNTS NINE THROUGH THIRTEEN
(Bank Fraud)

16. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

17. On or about and between September 30, 2008 and November 1, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant RICK ABRAHAM COHEN, together with others, did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud the financial institutions identified below, and to obtain money, funds, credits and other property owned by, and under the custody and control of said financial institutions, by means of materially false and fraudulent pretenses, representations and promises, as identified below:

| Count | Approximate Date | Financial Institution | Customer | Vehicle Type |
|---|---|---|---|---|
| NINE | September 30, 2008 | Mercedes-Benz Financial Services USA, LLC | John Doe # 2 | 2008 Mercedes Benz ML550 |
| TEN | October 8, 2008 | Mercedes-Benz Financial Services USA, LLC | John Doe # 3 | 2009 Mercedes Benz CL550C4 |
| ELEVEN | October 30, 2008 | Porsche Financial Services, Inc. | John Doe # 4 | 2009 Porsche Cayenne GTS |
| TWELVE | September 8, 2009 | Mercedes-Benz Financial Services USA, LLC | John Doe # 4 | 2009 Mercedes Benz ML63 |
| THIRTEEN | November 1, 2009 | Chase Auto Finance | John Doe # 5 | 2010 Mercedes Benz GL450 |

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

18. The United States hereby gives notice to the defendants RICK ABRAHAM COHEN and FRANCES OBEDA that, upon

conviction of any offense alleged in this Indictment, the United States will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, and all property traceable to such property, including but not limited to a sum of money representing the amount of gross proceeds obtained as a result of the offense.

19. If any of the forfeitable property, as a result of any act or omission of the defendants RICK ABRAHAM COHEN and FRANCES OBEDA:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants RICK ABRAHAM COHEN and FRANCES OBEDA.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. 2010R01237

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

RICK ABRAHAM COHEN and
FRANCES OBEDA,
also known as
"Linda Obeda,"

Defendants.

# INDICTMENT

*A true bill.*

*[signature]*
_____
*Foreman*

*Filed in open court this _____ day,*

*of _____ A.D. 19 ____*

_____
*Clerk*

*Bail, $ _____*

_____

CHRISTOPHER OTT, (631) 715-7870

T. 18, U.S.C., § 981(a)(1)(C), 1341, 1343, 1344, 1349, 2 and 3551 <u>et</u> <u>seq</u>.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)